UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL JIMMIE <br>     Plaintiff | : CIVIL ACTION-LAW <br> : <br> : |
| v. | : CASE NO.: 3:17-cv-933 <br> : |
| INVESTMENT 360, LLC <br> REST HAVEN OPERATING, LLC <br> ROSEWOOD REHABILITATION and <br> NURSING CENTER <br>     Defendants | : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : |

## COMPLAINT

Plaintiff Crystal Jimmie by and through her counsel, George R. Barron, Esquire, hereby complains against the Defendants, and in support thereof, avers the following:

### Jurisdiction and Venue

1. This action for declaratory, injunctive, monetary and other applicable relief is brought by named Plaintiff against Defendants to to redress intentional violations by Defendants of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2. Defendants wrongfully discriminated against, wrongfully terminated and unlawfully deprived Ms. Jimmie of her rights under the federal and state law.

1

3. The Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§1331 and 1367.

4. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. §1391(b) because most of the events and omissions complained of occurred in this judicial district.

## Parties

5. The Plaintiff herein is Crystal Jimmie, an adult individual residing in Trucksville, Pennsylvania.

6. Defendant Investment 360, LLC is, upon information and belief, a Limited Liability Company with a place of business at 401 University Drive, Schuylkill Haven, PA 17972 that, at all times relevant hereto, owned and/or operated Defendant Rest Haven Operating, LLC and Rosewood Rehabilitation and Nursing Center.

7. Defendant Rest Haven Operating, LLC is, upon information and belief, a Pennsylvania limited liability company that, at all times relevant hereto, owned and/or operated Rosewood Rehabilitation and Nursing Center, with a place of business at 401 University Drive, Schuylkill Haven, PA 17972.

8. Defendant Rosewood Rehabilitation and Nursing Center, is, upon information and belief, a Pennsylvania business with a place of business at 401 University Drive, Schuylkill Haven, PA 17972

9. Defendants were, at all times relevant hereto, Plaintiff's employers.

## Statement of Facts

10. Rosewood Rehabilitation and Nursing Center ("Rosewood") provides *inter alia,* long term care, nursing and therapy to elderly and disabled individuals.

11. Ms. Jimmie was employed by Defendants as the Nursing Home Administrator (NHA) at Rosewood for approximately one (1) year.

12. Defendants took control of Rosewood in or about September 2015.

13. After Defendants took control of Rosewood, problems with neglect of residents and inadequate staffing became rampant.

14. Ms. Jimmie's tenure as NHA was marked by conflicts with corporate supervisors which arose when Ms. Jimmie voiced concerns regarding inadequate care of residents.

15. These conflicts were most frequently between Ms. Jimmie and Lisa Sofia, Defendant Investment 360's Chief Executive Officer.

16. Beginning in late 2015, Ms. Jimmie reported concerns regarding inadequate care and inadequate staffing to Ms. Sofia via email.

17. In response to Ms. Jimmie's emailed reports, Ms. Sofia ordered Ms. Jimmie to never put such things in writing again.

18. Ms. Sofia did not address Ms. Jimmie's concerns regarding inadequate care and inadequate staffing.

19. In early June 2016, a nurse at the Rosewood facility abused a resident ("Patient Doe").

20. Another nurse reported the abusive incident to Ms. Jimmie.

21. Ms. Jimmie conducted an investigation and determined that the abuse allegations were founded and that Patient Doe had been the victim of abuse.

22. Ms. Jimmie, pursuant to her obligations as NHA, terminated the employment of the abusive nurse.

23. As NHA, Ms. Jimmie was legally obligated pursuant to 35 P. S. §§10225.701 to report the abuse incident to the Pennsylvania Department of Health.

24. Ms. Jimmie would have been subject to criminal penalties had she not made the report pursuant to 35 P.S. § 10225.706.

25. Ms. Jimmie called Ms. Sofia to report the incident and to inform Ms. Sofia that she, as legally required, had fired the abusive nurse and was going to report the incident to the Pennsylvania Department of Health.

26. Ms. Sofia discouraged Ms. Jimmie from reporting the incident, telling Ms. Jimmie that she didn't feel it necessary to report the abuse and that the abuse allegation "doesn't have to be founded you know."

27. Ms. Sofia ordered Ms. Jimmie to reinstate the abusive nurse's employment.

28. Despite Ms. Sofia's protestations, Ms. Jimmie made the report to Pennsylvania Department of Health.

29. The Pennsylvania Department of Health investigated, and found that the abuse had occurred.

30. The Pennsylvania Department of Health ordered Ms. Jimmie to terminate the employment of the abusive nurse and to report the incident to the Pennsylvania Bureau of Nursing.

31. Ms. Jimmie complied with the directives of the Pennsylvania Department of Health.

32. Approximately four (4) weeks later, on or about July 11, 2016, Defendants abruptly and without warning terminated Ms. Jimmie's employment.

33. Ms. Sofia came to Ms. Jimmie's facility, told Ms. Jimmie that Investment 360 was "moving in a different direction" and walked her out of the building as if she had committed a crime.

34. Ms. Jimmie was never subject to any formal disciplinary action during her employment with Defendants.

35. Ms. Jimmie never received a negative performance review during her employment with Defendants.

## COUNT 1
## Violation of False Claims Act
## 31 USC §3730(h)

36. All previous paragraphs are incorporated herein by reference as if set forth in full.

37. Upon information and belief, Defendants submitted claims to Medicare and or Medicaid for services provided to Patient Doe.

38. At the time that Defendants submitted claims to Medicare and or Medicaid for services provided to Patient Doe, Defendants' employee failed to provide proper care to Patient Doe, and subjected Patient Doe to abuse.

39. In failing to provide proper care to Patient Doe, and in abusing Patient Doe while submitting claims to Medicare and or Medicaid for services provided to Patient Doe, Defendants violated the False Claims Act, 31 U.S.C §§3729-3733.

40. Ms. Jimmie's lawful act of reporting the abuse suffered by Patient Doe was, *inter alia,* an effort to stop Defendants' violation of the False Claims Act.

41. Under 31 USC §3730(h) employees who are discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because

of lawful acts done to stop violations of the False Claims Act may bring suit against their employer for damages and/or reinstatement.

42. Ms. Jimmie, as the nursing home administrator, was required to report any abuse of residents in the nursing home.

43. Ms. Jimmie made a report to the Pennsylvania Department of Health regarding the abuse of Patient Doe.

44. Four weeks later, Ms. Jimmie was unjustly terminated without receiving any formal discipline.

45. Defendants' termination of Ms. Jimmie's employment constitutes unlawful retaliation.

46. Based on the foregoing, Plaintiff alleges that Defendants did intentionally and willfully violate 31 USC §3730(h).

## COUNT 2
### Unlawful Retaliation and Intimidation in Violation of 6 Pa. Code § 15.22

47. All previous paragraphs are incorporated herein by reference as if set forth in full.

48. Under 6 Pa. Code § 15.22, persons and entities are forbidden from taking discriminatory, retaliatory or disciplinary action against an employee or other person who makes a report, against a person who cooperates with the Commonwealth agency or the Departments of Aging to

provide testimony or other information about a report of abuse, or against a victim of abuse.

49. As set froth above, Defendants intimidated Ms. Jimmie in an attempt to dissuade her from providing information to and complying with the directions of Pennsylvania Department of Health by making a report of abuse.

50. As set forth above, Ms. Jimmie made a report of abuse to Pennsylvania Department of Health and cooperated with Pennsylvania Department of Health by providing information and by complying with the directions of Pennsylvania Department of Health.

51. As set forth above, Defendants took discriminatory, retaliatory or disciplinary action against Ms. Jimmie by, *inter alia,* terminating her employment.

52. Based on the foregoing, Plaintiff alleges Defendants did intentionally and willfully violate 6 Pa. Code § 15.22.

### Count 3
### Wrongful Termination

53. All previous paragraphs are incorporated herein by reference as if set forth in full.

54. The requirement that nursing homes report abuse of a resident, and suspend or terminate the employment abusive staff member, is a statement of the public policy of the Commonwealth of Pennsylvania.

55. The requirement that nursing home maintain adequate staffing and quality of care is a statement of the public policy of the Commonwealth of Pennsylvania.

56. Defendants wrongfully discharged Ms. Jimmie in retaliation for voicing concerns about, and documenting inadequate care and staffing at her facility.

57. Defendants were aware that Ms. Jimmie had an obligation under Pennsylvania law to report and document concerns regarding inadequate staffing and quality of care.

58. Defendants were aware that Ms. Jimmie had an obligation under Pennsylvania law to report abuse of a resident and to suspend or terminate the employment abusive staff member.

59. Defendants intentionally and willfully terminated Ms. Jimmie's employment in violation os the public policy of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment that Defendants' action, policies, practices and procedures complained of herein have violated and continue

to violate the rights of Ms. Jimmie as secured by the statutes of the United States and the Constitution, statutes and common law of the Commonwealth of Pennsylvania; and

 B. For Count 1, award to Ms. Jimmie all relief necessary to make Ms. Jimmie whole including, but not limited to:

  (1) back pay for lost wages in an amount determined at trial;

  (2) front pay for lost wages in an amount determined at trial;

  (3) two (2) times the amount of lost wages;

  (4) interest on the lost wages, and

  (5) special damages sustained as a result of the discrimination, including emotional harm damages for emotional distress, humiliation and embarrassment to be determined at trial, litigation costs and reasonable attorneys' fees.

 C. For Count 2, award to Ms. Jimmie:

  (1) Compensatory damages in an amount to be determined at trial for, *inter alia*, lost wages and emotional harm damages for emotional distress, humiliation and embarrassment; and

  (2) Treble compensatory damages; and

  (3) Punitive damages in an amount to be determined at trial.

 D. For Count 3, award to Ms. Jimmie:

(1) Compensatory damages for lost wages and benefits, emotional harm damages for emotional distress, humiliation and embarrassment to be determined at trial; and

(2) Punitive damages to be determined at trial; and

(3) Litigation costs and reasonable attorneys' fees.

E. . Award to Ms. Jimmie other and further relief as the Court deems just and proper.

S/George Barron
George Barron, Esq.
Attorney for Plaintiff
88 North Franklin St.
Wilkes-Barre, PA 18701
(570) 824-3088\